UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS, | No. 2:16-cv-3029 GEB GGH PS |
| Plaintiff, | |
| v. | ORDER |
| NBC UNIVERSAL, GENERAL ELECTRIC, et al. | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to the undersigned under Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Determining plaintiff may proceed in forma pauperis does not complete the required inquiry, however. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

1

1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

   A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (*quoting* Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.  The court cannot at this time determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.  Rule 8 sets forth general rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief.  The complaint meets none of these requirements.

////

////

////

Plaintiff names only General Electric, NBC Universal, Sacramento Superior Court[1] and Sacramento State University as defendants on pages 2 and 3 of his Complaint in a manner that could be considered the caption portion of the document, but appends lists reflecting several other entities and agencies that he seems to be claiming were part of the injury he suffered. ECF No. 3 at 2. The court cannot proceed with a proper screening without information that definitely establishes who the defendant is or the defendants are and specifically what is alleged against each of them.

The complaint alleges both diversity and federal question jurisdiction in truncated terms. If any of the listed parties that do not appear in the caption are, indeed, defendants, the question of the applicability of diversity jurisdiction is affected. A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, but simple reference to federal law -- in this case due process -- does not create subject-matter jurisdiction under on that basis either. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id. By generally asserting only due process of law against a private party defendant plaintiff has not pleaded federal question jurisdiction as only government defendants are held to meet the due process standard found in the federal Constitution in the absence of a conspiracy between that private actor and a governmental official.[2] To sue for a constitutional deprivation, as plaintiff purports to do, he:

> must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (requiring "conduct allegedly causing the deprivation of a federal right be fairly attributable to the State"); American Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ("[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures.").

---

[1] Sacramento Superior Court is, of course, absolutely immune from civil actions in federal courts for adjudicatory actions, see Forrester v. White, 484 U.S. 219, 225-226 (1988); Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987), which, as noted above, would make its inclusion here a "frivolous act."

[2] Plaintiff has listed some governmental entities at page 4and 5 of his Complaint, ECF No. 1 at 4-5, but there are no facts alleged as to their involvement in his claims.

> [S]tate action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."
> Sullivan, 526 U.S. at 50, 119 S.Ct. 977.  In other words, there must be action taken pursuant to state (or in this case, federal) law, and significant state involvement in that action. See id. at 50 n. 9, 119 S.Ct. 977.  The "'specific conduct of which the plaintiff complains'" must be examined. Id. at 51, 119 S.Ct. 977 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

George W. v. United States Department of Education, 149 F.Supp.2d 1195, 1203 (E.D.Cal. 2000).

Finally, the fact that a private business entity "is subject to state regulation does not by itself convert its action into that of the State." Id.  In any event, it is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so in the pending Complaint.  One may sue a private entity for civil rights violations based upon facts suggesting a conspiracy between the private actor and a governmental entity or actor.  In order to do so he must, however, state facts to show "an agreement or 'meeting of the minds' to violate constitutional rights."  Steel v. City of San Diego, 728 F.2d 1172, 1179 (S.D.Cal. 2010).

Federal Rule of Civil Procedure 8 imposes a requirement of a short and plain statement of the of each claim to show that the pleader is entitled to relief.  This means a complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  *Accord* Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)  Here, the complaint does not contain sufficient allegations to put defendants fairly on notice of that to which they are being held to answer.  Plaintiff has written two brief paragraphs to describe his claim that lists entities who have allegedly acted individually as well as members of a conspiracy to invade his privacy and to commit fraud.  See ECF No. 1 at 5; see also Conley v. Gibson, 355 U.S. 41, 47 (1957); Richmond v. Nationwide Cassel L.P., 52

////

4

1  F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement
2  of Rule 8). [3]

3  In distinction from Rule 8 of the Federal Rules of Civil Procedure, Rule 9 requires much
4  more specificity as to claims predicated on fraud which is pleaded by plaintiff. Under Rule 9(b) a
5  plaintiff who alleges fraud or mistake must "state with particularity the circumstances constituting
6  fraud or mistake." Plaintiff has not clearly done so in relation either to the party identified in the
7  caption, General Electric, NBC Universal and Sacramento County Superior Court, ECF No. 1 at
8  1, or the myriad persons and entitles identified in the list of defendants found at ECF No. 1 at 4-5.

9  Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended
10  complaint complete. Local Rule 220 requires that an amended complaint be complete in itself.
11  This is because, as a general rule, an amended complaint supersedes the original complaint. See
12  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds,
13  Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*). Accordingly, once
14  plaintiff files an amended complaint, the original no longer serves an operative function in the
15  case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which
16  are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814
17  (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants,
18  Ferdik v. Bonzelet, 963 F.2d at 1258, 1262 (9th Cir. 1992).

19  Accordingly, IT IS ORDERED that:
20  1. Plaintiff's request to proceed in forma pauperis is granted;
21  2. The complaint is dismissed, with leave to file an amended complaint within 30 days
22  from the date this order is filed. The amended complaint must comply with the requirements of
23  the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint
24  must bear the docket number assigned this case and must be labeled "Amended Complaint" and

---

[3] The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated:  January 12, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE
