UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NBC UNIVERSAL, GENERAL ELECTRIC, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-3029 GEB GGH<br><br>FINDINGS AND RECOMMENDATIONS |

PROCEDURAL BACKGROUND

Plaintiff is proceeding in this action pro se. This proceeding was referred to the undersigned under Local Rule 302(c)(21).

On January 12, 2017, this court issued an Order which granted plaintiff IFP status, and dismissed his complaint which sought relief for federal due process violations under 42 U.S.C. § 1983, with directions to file an amended complaint within 30 days. Within that Order the court explained the requirements for a proper complaint in detail including the necessity to identify individual state actors who had acted against him, to state facts demonstrating the actions of which he complained, laid out the elements that must be plead and proved in a § 1983 actions, and specific bases for alleging federal jurisdiction as to each defendant, and the factual allegations

////

1

required to sustain fraud claims. On January 19, 2017 plaintiff filed his First Amended Complaint.

## DISCUSSION

In his original complaint Plaintiff named General Electric, NBC Universal and Sacramento County Superior Court in the caption section, but appended a list of forty (40) additional defendants plus Does 1 through 20. In his Amended Complaint he identifies General Electric, NBC Universal and Iheart Educational Broadcasting in the caption section and appends a list of 53 additional defendants plus Does 1 through 20. In its January 12, 2017, Order, ECF No. 4, this Court advised the plaintiff of the following deficiencies in the Complaint:

1. As written the Complaint does not provide information to establish who the defendant is or the defendants are and specifically what is alleged against each of them; ECF No. at 3: 5-7;

2. The Complaint alleges both diversity and federal question jurisdiction and explains how jurisdiction must be pleaded in order to allow the court to determine if it indeed has jurisdiction over some or all of the defendants on one theory or another; id. at 3:8-14.

3. In addition the Complaint generally asserts due process as the source of his action but he has named many private parties. As a result the court explained what is required to allege a proper due process claim, id. at 3:14-4:8;

4. The Complaint failed to meet the requirements of Federal Rule of Civil Procedure 8, the requirements of which were spelled out in the Order; Id. at 4:16-5:2;

5. As it appeared that the plaintiff was perhaps asserting fraud, the court went on to explain the pleading requirements for fraud found in Federal Rule of Civil Procedure 9. Id. at 5:3-8.

6. Finally, because the Complaint alleged a claim against the Sacramento Superior Court, this court also explained that this alleged defendant was immune from action in a federal court thus rendering its inclusion a "frivolous act. Id. at 3 n. 1.[1]

---

[1] This is the one element that plaintiff appears to have corrected in his Amended Complaint as the Superior Court is not named as a defendant.

The First Amended Complaint suffers from the very same deficiencies as did the original complaint.  The court cannot identify any individual state actors as to any of the myriad claims made, cannot determine with any precision the actions of which plaintiff complains either in terms of what actions were taken and when they were taken.  A major proportion of the First Amended Complaint contains the same language as is found in the original Complaint with no greater specificity than that which led to the court's dismissal of the original Complaint.

Although pro se pleadings are liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988), when it becomes clear that plaintiff is unable to present a pleading that conforms to the Rules of Federal Procedure thus failing to provide the court with a cognizable document to address, it becomes clear that no further opportunity to amend is likely to cure the defects of a complaint, a pro se plaintiff proceeding in forma dismissal without leave to amend is a proper course.  See Moore v. U.S.. 103 F.R.D. 647, 652-653 (N.D.Cal. 2000).

In essence the plaintiff's Complaint, and now his Amended Complaint both fail to state a cognizable claims, are in most part indecipherable, and clearly cannot be cured by another opportunity to plead.  Thus the court finds that it would be fruitless to engage in yet another attempted amendment and therefore recommends dismissal with prejudice.

In light of the foregoing, IT IS RECOMMENDED that:

1. The First Amended Complaint be dismissed, with prejudice; and

2. No further amendment will be accepted for filing on the docket of this matter until the District Court has ruled.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

////

3

magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) *citing* Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**IT IS SO ORDERED.**

Dated: January 25, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE